Leoutsakos v. Bed Handles          CV-02-433-PB  02/11/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Thomas Leoutsakos**

    **v.**                                        Civil No. 02-433-PB
                                         Opinion No. 2005 DNH 018
**Bed Handles, Inc.**



## MEMORANDUM AND ORDER

Thomas Leoutsakos owns U.S. Patent 5,400,450 ("'450 Patent"). Invoking the doctrine of equivalents, Leoutsakos brings this action against Bed Handles, Inc., claiming that Bed Handles has infringed the '450 Patent. The parties have filed cross-motions for summary judgment. For reasons discussed in this order, I grant Bed Handles' motion and deny Leoutsakos's motion.


## I.  BACKGROUND

### A.  General Description of the Patented Invention

Searching for a way to aid the physically infirm, Thomas Leoutsakos developed a bed handle apparatus designed to make it easier for users to get in and out of bed. His invention

has two distinct components.  The first is a tubular handle, shaped as an inverted U, which is placed perpendicular to, and at the side of, a bed's mattress.  Users may grip this handle while entering or exiting the bed.

The second component, to which the tubular handle is attached, is a flat plate.  The plate is typically made of a lightweight, rigid material, such as wood or plastic, and is slid underneath a mattress.  The surface pressure that the plate exerts on both the mattress and the box-spring secures the plate underneath the mattress when a user places his or her weight on the handle.

The tubular handle is attached to the plate by placing the two bases of the handle into a set of bores.  The bores are part of a separate structure that may be detached from the plate to make the apparatus easier for its owner to stow.

Claim 1 of the '450 Patent includes the following limitations:

A manual support apparatus for use with a bed having a mattress portion, comprising:

a planar plate member;

a support tube having at least one leg;

-2-

at least one detachable tubular member having an internal bore for slidable receipt of said support tube leg; and

detachable means to attach said tubular member to said plate member;

wherein said plate member is placed under said mattress portion such that said tubular member is adjacent and substantially perpendicular to said mattress portion.

## B.  The Infringing Device

Bed Handles produces a "manual support" apparatus of its own:  the "Adjustable Bed Handle hand-rail."  See Def.'s Mot. for Summ. J. (Doc. No. 27), Exs. C-E.  Like the '450 Patent's "planar plate member," Bed Handles' invention contains a component that slides beneath a bed mattress to secure the handle in place.  Unlike the '450 Patent, this component is designed as a U-shaped tubular frame.

## II.  STANDARD OF REVIEW

Both parties move for summary judgment on the issue of infringement.  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A trial is only necessary if there is a genuine factual issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that affects the outcome of the suit. See id. at 248.

In ruling on a motion for summary judgment, I must construe the evidence in the light most favorable to the non-movant. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the burden shifts to the non-moving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v.

Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citation omitted). Neither conclusory allegations, improbable inferences, nor unsupported speculation are sufficient to defeat summary judgment. See Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002).

## III.  DISCUSSION

It is axiomatic that a challenged device does not infringe a patent claim unless the device contains elements that are either identical or equivalent to each element of the claimed invention. Warner-Jenkinson Co. v. Hilton Davis Chemical Co., 520 U.S. 17, 40 (1997); Acco Brands, Inc. v. Micro. Sec. Devices, Inc., 346 F.3d 1075, 1080 (Fed. Cir. 2003).  K-2 Corp. v. Salomon S.A., 191 F.3d 1356, 1367 (Fed. Cir. 1999).  Relying on this principle, Bed Handles argues that Leoutsakos's infringement claim fails because Bed Handles' hand rail does not contain the '450 Patent's "planar plate member."  Leoutsakos concedes that Bed Handles' hand rail does not contain this element literally.  Nevertheless, he argues that his infringement claim is valid because the accused device includes an equivalent structure.  Bed Handles

responds by arguing that the doctrine of equivalents does not apply. Under an exception to the rule, it notes, a patentee cannot claim, by equivalence, any invention disclosed in prior art. I agree with Ben Handles' position on this point.

Two structures are equivalent if they perform substantially the same function in substantially the same way to obtain substantially the same result. Upjohn Co. v. Mova Pharm. Corp., 225 F.3d 1306, 1309. The common function that Leoutsakos claims the two inventions serve is the function of holding the handle in place while a user places weight on it. See. Pl.'s Mot. for Summ. J. at 5. Leoutsakos argues that it is the frictional force created when either device's frame comes into contact with the mattress that allows each apparatus to remain in place. Id. The result, he argues, is that both devices succeed at achieving the same overall goal: the creation of a sturdy bed handle. Id.

Bed Handles responds by arguing that even if this is true, a patent claim may not encompass, by equivalency, subject matter that could not have been patented by the patentee in the first place.[1] Bed Handles argues that Leoustakos's claim falls into

---

[1] Bed Handles does not assert, though it certainly could have in this context, the defense of prosecution history

-6-

this category.  According to Bed Handles, Leoutsakos is seeking protection for an equivalent structure that was anticipated by prior art.  The prior art referenced is U.S. Patent 3,474,473 ("Hannanberg").

Hannanberg protects an adjustable handrail attachment fashioned for a bed and mattress.  See Def.'s Opp. to Pl.'s Mot. for Summ. J. (Doc. No. 31), Ex. 2.  The handrail is secured by a tubular base that fits underneath a mattress.  See Hannanberg, col. 2, ll. 14-20; col. 5, ll. 14-22.  Bed Handles argues that this technology anticipates what Leoutsakos claims to be the structural and functional equivalent of the '450 Patent's "planar plate:"  a tubular frame that fits underneath a bed mattress. See Def.'s Opp. to Pl.'s Mot. for Summ. J. at 6-7.

Leoutsakos fails to respond to this point.  A non-moving party's failure to respond with evidence of its own does not, however, ipso facto entitle the moving party to summary judgment. See De la Vega v. San Juan Star, Inc., 377 F.3d 111, 115-116 (1st

estoppel.  After Leoutsakos's patent application was initially rejected, it replaced the word "member" with "planar plate member."  Def.'s Mot. for Summ. J., Ex. J (Doc. No. 27) at 4. Amending a complaint in this fashion potentially could have prevented Leoutsakos from meritoriously claiming infringement by equivalence.  See K-2 Corp., 191 F.3d at 1367.

-7-

Cir. 2004). The burden remains on the moving party to demonstrate both that no material factual dispute exists and that the moving party is entitled to judgment as a matter of law. Id. Under such circumstances, the court must credit all of the moving party's properly supported factual assertions. Id.

I start, then, from the premise that the invention disclosed in Hannanberg is as Bed Handles describes it. It is a bed rail containing a tubular frame that fits underneath a mattress. This structure is precisely the kind that Leoutsakos claims the '450 Patent should be read to protect. A subsequent patentee invoking the doctrine of equivalents cannot, however, gain patent protection over prior art. K-2 Corp., 191 F.3d at 1367. Leoutsakos' claim therefore fails as a matter of law.

Bed Handles' hand rail otherwise lacks an element equivalent to the '450 patent's "planar plate member." Its hand rail thus does not infringe upon the invention described in claim 1 of the '450 Patent.[2]

_____

    [2] Leoutsakos additionally claims that Bed Handles' hand rail infringes the inventions described in claims 2-6. These claims all depend upon claim 1 and must therefore contain all of claim 1's limitations. See Desper Products, Inc. v. Qsound Labs, Inc., 157 F.3d 1325, 1338 n.5 (Fed. Cir. 1998) (stating that this is true because "dependant claims are necessarily narrower than

## IV.  CONCLUSION

Based on the foregoing analysis, Bed Handles' product is found not to infringe upon any of the inventions claimed in the '450 Patent.  Bed Handles' motion for summary judgment (Doc. No. 27) is thus granted, and Leoutsakos's motion (Doc. No. 26) is denied.  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 11, 2005

cc:  Thomas Leoutsakos
     Frank Mesmer, Jr., Esq.
     Warren Williams, Esq.

_____

independent claims").  This includes the requirement that the invention have a "planar plate member."  Bed Handles' hand rail, again, does not possess this element.  It therefore does not infringe upon the subject matter described in claims 2-6.